KNOLL, J.,
concurs in the result.
| iWith all due respect, I concur in the result because I find the opinion tends to be confusing. In my view, the issue of whether Continental is entitled to a pro *290 rata sharing of defense costs involves a pure contract question based on the terms of its insurance policy. The plain language of the insurance contract concerning the duty to defend provides:
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
A. bodily injury or
B. property damage
to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent....
Thus, Continental has an obligation to pay damages because of “bodily injury ... to which this insurance applies” and to defend “any suit ... on account of any such bodily injury.” The policy defines “bodily injury” as “bodily injury, sickness, or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom.” The clear language of the policy limits Continental’s coverage for indemnification of liability and defense costs for bodily injury occurring during the policy period. Thus, the defense costs should be ^prorated according to the terms of its policy.
This is essentially a simple insurance contract case requiring us to apply fundamental principles of contract interpretation. Magnon v. Collins, 98-2822 (La. 7/7/99), 739 So.2d 191, 196 (“An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Civil Code. Louisiana Ins. Guar. Ass’n v. Interstate Fire & Cas. Co., 93-0911 (La. 1/14/94), 630 So.2d 769. The judicial responsibility in interpreting insurance contracts is to determine the parties’ common intent. La.C.C. art.2045.”). Because the cost of defending an insured is determined by the contract of insurance, the Court cannot create a bright-line rule prorating defense costs in every case; it must be determined on a case-by-case basis, according to the terns of the contract of insurance.
Because this is exclusively a matter of contract law, I find the opinion’s focus on other courts’ analyses concerning indemnification for liability in long latency disease cases involving principles of tort law to be both misplaced and confusing. Accordingly, I concur in the result.
Crichton, J.,
additionally concurs and assigns reasons.
hi agree with the majority opinion in this case. I write separately to point out, as an initial matter, that as we remarked in Cole v. Celotex Corp., 699 So.2d 1058 (La.1992), long latency occupational disease cases are “unique,” because a distinct body of jurisprudence has been developed which applies solely to them. Id. at 1065-66. As a result, I note that the holding of this case should not, as a matter of course, be extended beyond this body of case law.
Additionally, I believe the majority opinion adoption of the pro rata allocation method is mandated here for the several reasons. First, the policy language, in conjunction with the nature of long latency exposure, supports this result, because the policy limits coverage for “bodily injury” to that which occurs “during the policy period.” Second, for the reasons explained by the majority, the parties’ reasonable expectations are not violated by the application of the pro rata method. Because only injuries “during the policy period” are covered, injuries that occur outside of that period are, by their very nature, not cov *291 ered. Third, and relatedly, policy considerations favor the adoption of pro rata allocation in this case, particularly insofar as holding otherwise would permit American Sugar to Igobtain defense coverage for a period it did not even pay a premium for insurance.